**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANXIA LIAO,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-02494 JSW<br><br>**ORDER RE MOTION FOR RELIEF FROM JUDGMENT**<br><br>**(Docket No. 100)** |

      On April 16, 2012, this Court granted Defendants' motions to dismiss, declared Plaintiff a vexatious litigant, and entered judgment. (*See* Docket Nos. 97-99.) Plaintiff did not appeal. On April 15, 2013, nearly a year later, Plaintiff filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b), for fraud upon the Court and for estoppel. (Docket No. 100.) The Court has considered Plaintiff's motion, and it finds that a response from the Defendants is not warranted. The Court also finds Plaintiff's motion suitable for disposition without oral argument.[1]

      Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. *United Student Aid Funds, Inc. v. Espinosa*, __ U.S. __, 130 S. Ct. 1367, 1377 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.*; *see also United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) ("A final

---

[1] Plaintiff has not properly noticed this motion for a hearing, in accordance with the Northern District Civil Local Rules, purportedly because she intends to move to have this Court recused from the case.

judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law."). Plaintiff fails to offer any argument that persuasively demonstrates this Court's judgment was void. Rather, she attacks the merits of the Court's decision. Accordingly, she has not demonstrated that she is entitled to relief under Rule 60(b)(4).

Rule 60(b)(6) permits a court to set a side a judgment for "any other reason that justifies relief." "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), in turn quoting *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993)). Plaintiff has not demonstrated that such extraordinary circumstances exist in this case. Accordingly, she has not demonstrated a valid grounds for relief from judgment under Rule 60(b).

For the foregoing reasons, the Court DENIES Plaintiff's motion for relief from judgment.

**IT IS SO ORDERED.**

Dated: April 23, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2